## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION

| | |
|---|---|
| Michael Clarke and Kendra Clarke, Each Individually and as Next Friends of K.C.; Alexander Drosos and Gloria Drosos, Each Individually and as Next Friends of J.D. and A.D.; Jessica Houston, Individually and as Next Friend of S.H. and C.H.; Chad Keever and Margarete Wilder-Keever, Each Individually and as Next Friends of A.W.K.; Parker Kinney and Shelbey Kinney, Each Individually and as Next Friends of C.K.; Gilbert Northup and Zakiyah Northup, Each Individually and as Next Friends of G.N. and L.P.; Jonn Roellchen and Roxanne Roellchen, Each Individually and as Next Friends of W.R., S.R., T.R., Z.R., and R.R.; and Cody Straight, Angela Straight, Kentreyal Carraway, and J'Marion McKnight,<br><br>Plaintiffs,<br><br>v.<br><br>Balfour Beatty Communities LLC; Lackland Family Housing, LLC d/b/a Lackland Family Homes; Fort Bliss/White Sands Missile Range Housing LP d/b/a Fort Bliss Family Homes; BBC Military Housing - Bliss/WSMR General Partner LLC; and Balfour Beatty Military Housing Management, LLC,<br><br>Defendants. | Civil Action No.:<br><br>5:21-cv-00550 |

## DEFENDANTS ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Balfour Beatty Communities LLC ("BBC"); Lackland Family Housing, LLC d/b/a Lackland Family Homes ("LFH"); Fort Bliss/White Sands Missile Range Housing LP d/b/a Fort Bliss Family Homes ("FBFH"); BBC Military Housing - Bliss/WSMR General Partner LLC ("Bliss GP"); and Balfour Beatty Military Housing Management, LLC ("BBMHM")(collectively, "Defendants"), by their undersigned attorneys and for their Answer to

1

Plaintiffs' Second [1] Amended Complaint, dated December 3, 2021 (ECF No. 60 the "Complaint"), states as follows:

## NATURE OF THE ACTION

1.      As to the allegations contained in Paragraph 1 of the Second Amended Complaint ("Complaint"), upon information and belief, Plaintiffs are or were at the time of leasing, members of the United States Military (with their families) who leased military housing at Fort Bliss or Lackland Air Force Base ("Lackland"). Defendants deny that all Defendants are "Landlord Companies". Defendants affirmatively state only FBFH was the "Landlord" of privatized military housing at Fort Bliss and only LFH was the "Landlord" of privatized military housing at Lackland.

2.      As to the allegations contained in Paragraph 2 of the Complaint, Defendants deny the characterizations and descriptions set forth in Paragraph 2 of the Complaint. As stated in Paragraph 1 of this Answer, only FBFH was the "Landlord" of privatized housing at Fort Bliss and only LFH was the "Landlord" of privatized military housing at Lackland. Defendants admit only that each Defendant is a limited liability company. Defendants deny the remaining allegations contained in Paragraph 2.

3.      As to the allegations contained in Paragraph 3 of the Complaint, Defendants deny.

4.      As to the allegations contained in Paragraph 4 of the Complaint, Defendants deny.

5.      As to the allegations contained in Paragraph 5 of the Complaint, Defendants deny.

6.      As to the allegations contained in Paragraph 6 of the Complaint, Defendants deny.

7.      As to the allegations contained in Paragraph 7 of the Complaint, these allegations consist of a recitation of the claims being asserted by Plaintiffs to which no response is

_____

[1] Plaintiffs' First Amended Complaint, dated November 19, 2021 (ECF No. 58), was superseded by the Second Amended Complaint, and no response to it is required, pursuant to the Parties' stipulation filed on December 3, 2021 (ECF No. 61).

necessary. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      As to the allegations contained in Paragraph 8 of the Complaint, Defendants deny.

## THE PARTIES

9.      As to the allegations contained in Paragraph 9 of the Complaint, Defendants admit that some or all of the Plaintiffs previously lived in or currently live in privatized military housing at Ft. Bliss and/or Lackland.

10.     As to the allegations contained in Paragraph 10 of the Complaint, Defendants admit.

11.     As to the allegations contained in Paragraph 11 of the Complaint, Defendants admit.

12.     As to the allegations contained in Paragraph 12 of the Complaint, Defendants admit.

13.     As to the allegations contained in Paragraph 13 of the Complaint, Defendants admit.

14.     As to the allegations contained in Paragraph 14 of the Complaint, Defendants admit.

15.     As to the allegations contained in Paragraph 15 of the Complaint, Defendants deny.

16.     As to the allegations contained in Paragraph 16 of the Complaint, Defendants deny.

## JURISDICTION AND VENUE

17.     As to the allegations contained in Paragraph 17 of the Complaint, Defendants repeat and reallege the statements and responses to Paragraphs 1-16 of the Complaint, as if fully set forth herein.

18.     As to the allegations contained in Paragraph 18 of the Complaint, these allegations set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction due to: the claims underlying the action occurred on a federal enclave and, as such, present a federal question; and the claims involve issues of federal law as each Servicemember named as a Plaintiff signed a "Military Lease Agreement" for "military housing" under the Military Housing Privatization Initiative ("MPHI") which involve Substantial Federal Interest so that almost all of Plaintiffs' allegations implicate the United States Air Force and/or United States Armed Forces in one form or another. Defendants affirmatively state that the land constituting Fort Bliss was ceded by the State of Texas on October 11, 1954. Defendants further affirmatively state that the land constituting Lackland was ceded by the State of Texas on November 8, 1932, and September 21, 1942, respectively.

19.     As to the allegations contained in Paragraph 19 of the Complaint, Defendants admit this Court has federal enclave subject matter jurisdiction. The remainder of Paragraph 19 refers to case law or statutes which speak for themselves and to which no response is required. To the extent any of the cited cases or statutes could be read to deny federal enclave subject matter jurisdiction, Defendants deny.

20.     As to the allegations contained in Paragraph 20 of the Complaint, Defendants admit the events alleged in the Complaint occurred on either Fort Bliss or Lackland, both federal enclaves. Defendants admit that the only concurrent jurisdiction retained by the State of Texas

was for judicial process and nothing further. Defendants are without knowledge or information as to what "laws of the State of Texas with respect to housing units" are being referenced in this Paragraph 20 and the footnote therein and, as such, Defendants deny. The remaining allegations in Paragraph 20 of the Complaint set forth legal conclusions to which no additional response is required. To the extent a response is required, Defendants deny.

21.     As to the allegations contained in Paragraph 21 of the Complaint, Defendants admit Plaintiffs' purported claims arose on a federal enclave, either Fort Bliss or Lackland, dependent upon where each Plaintiff lived and, thus, federal law applies. The remainder of Paragraph 21 refers to case law or statutes which speak for themselves and to which no response is required. To the extent any of the cited cases or statutes could be read to deny federal enclave subject matter jurisdiction, Defendants deny.

22.     As to the allegations contained in Paragraph 22 of the Complaint, these allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendants admit this Court has subject matter jurisdiction over all claims of this case. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     As to the allegations contained in Paragraph 23 of the Complaint, Defendants admit this Court has personal jurisdiction over Defendants. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.     As to the allegations contained in Paragraph 24 of the Complaint, Defendants admit this Court has personal jurisdiction over Defendants. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     As to the allegations contained in Paragraph 25 of the Complaint, Defendants admit this Court has personal jurisdiction over Defendants. Defendants deny the remaining

allegations contained in Paragraph 25 of the Complaint.

26.     As to the allegations contained in Paragraph 26 of the Complaint, Defendants admit that Lackland and Fort Bliss are located within the geographical boundaries of the United States District Court for the Western District of Texas, and venue is proper.  Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

## FACTUAL ALLEGATIONS

### THE MHPI AND THE HISTORY OF PRIVATIZED MILITARY HOUSING

27.     As to the allegations contained in Paragraph 27 of the Complaint, Defendants admit Congress enacted the National Defense Authorization Act in 1996, a part of which included the MHPI, which speaks for itself. The remainder of this Paragraph 27 makes no allegations against any of the Defendants. To the extent that there are allegations against Defendants, Defendants deny.

28.     As to the allegations contained in Paragraph 28 of the Complaint, Defendants state the MHPI speaks for itself. The remainder of this Paragraph 28 makes no allegations against any of the Defendants. To the extent that there are allegations against Defendants, Defendants deny.

29.     As to the allegations contained in Paragraph 29 of the Complaint, Defendants state the MHPI speaks for itself. The remainder of this Paragraph 29 makes no allegations against any of the Defendants. To the extent that there are allegations against Defendants, Defendants deny.

30.     As to the allegations contained in Paragraph 30 of the Complaint, there are no allegations against any of the Defendants to which a response is required. To the extent that there are allegations against Defendants, Defendants deny.

31.     As to the allegations contained in Paragraph 31 of the Complaint, Defendants state that the MHPI speaks for itself and denies that the allegations set forth in Paragraph 31 fully and accurately set forth the MHPI.  Answering further, Defendants state that there are no allegations against any of the Defendants in Paragraph 31 of the Complaint to which a response is required. To the extent allegations against Defendants are deemed to exist, Defendants deny such allegations.

32.     As to the allegations contained in Paragraph 32 of the Complaint, Defendants admit only that, pursuant to the lease agreements between either FBFH or LFH and the Servicemembers named as Plaintiffs, either FBFH or LFH collects "rent".  Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33.     As to the allegations contained in Paragraph 33 of the Complaint, Defendants state the MHPI speaks for itself. Answering further, Paragraph 33 makes no allegations against any of the Defendants. To the extent allegations against Defendants are deemed to exist, Defendants deny such allegations.

34.     As to the allegations contained in Paragraph 34 of the Complaint, Defendants admit only that Reuters published a series of articles; however, Defendants deny that these articles presented a full and accurate portrayal of privatized military housing in general and, certainly did not present an accurate portrayal of privatized military housing at either Fort Bliss or Lackland. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35.     As to the allegations contained in Paragraph 35 of the Complaint, Defendants admit only that Reuters published a series of articles; however, Defendants deny that these articles presented a full and accurate portrayal of privatized military housing in general and,

certainly did not present an accurate portrayal of privatized military housing at either Fort Bliss or Lackland. Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint.

36.    As to the allegations contained in Paragraph 36 of the Complaint, Defendants admit only that there were congressional inquiries into military housing. Answering further, Paragraph 36 makes no allegations against any of the Defendants. To the extent that allegations against Defendants are deemed to exist, Defendants deny.

37.    As to the allegations contained in Paragraph 37 of the Complaint, Defendants admit only that certain Senators made public statements during congressional hearings. Answering further, Paragraph 37 makes no allegations against any of the Defendants. To the extent that allegations against Defendants are deemed to exist, Defendants deny such allegations.

38.    As to the allegations contained in Paragraph 38 of the Complaint, Defendants admit only that certain Senators made public statements during congressional hearings. Answering further, Paragraph 38 makes no allegations against any of the Defendants. To the extent that allegations against Defendants are deemed to exist, Defendants deny such allegations.

39.    As to the allegations contained in Paragraph 39 of the Complaint, Defendants admit only that there was testimony from witnesses as congressional hearings. Answering further, Paragraph 39 makes no allegations against any of the Defendants. To the extent that allegations against Defendants are deemed to exist, Defendants deny such allegations.

40.    As to the allegations contained in Paragraph 40 of the Complaint, Defendants admit only that there was testimony from witnesses as congressional hearings. Answering further, Paragraph 40 makes no allegations against any of the Defendants. To the extent that allegations against Defendants are deemed to exist, Defendants deny such allegations.

41.     As to the allegations contained in Paragraph 41 of the Complaint, Defendants deny.

42.     As to the allegations contained in Paragraph 42 of the Complaint, Defendants admit that certain Senators made public statements during congressional hearings. Defendants further admit there was testimony from a President of Balfour Beatty Communities at a congressional hearing on February 13, 2019.  Defendants state that such testimony speaks for itself.   Defendants deny that John Ehle is or was in 2019 President of Balfour Beatty Communities.   Defendants deny all remaining allegations contained in Paragraph 42 of the Complaint.

43.     As to the allegations contained in Paragraph 43 of the Complaint, Defendants admit only that pursuant to the terms of applicable contracts with the United States Air Force and/or the United States Army, Defendants had certain obligations under the terms of said agreements at Fort Bliss and Lackland, including providing privatized military housing. Defendants deny all remaining allegations contained in Paragraph 43 of the Complaint.

44.     As to the allegations contained in Paragraph 44 of the Complaint, Defendants admit only that Senator Warren issued a written report on April 30, 2019.  Defendants state that the report speaks for itself. Defendants deny that Senator Warren's report presented a full and accurate portrayal of privatized military housing in general and, certainly did not present an accurate portrayal of privatized military housing at either Fort Bliss or Lackland. Defendants deny all remaining allegations contained in Paragraph 44 of the Complaint.

45.     As to the allegations contained in Paragraph 45 of the Complaint, Defendants deny.

46.     As to the allegations contained in Paragraph 46 of the Complaint, Defendants

deny.

47.    As to the allegations contained in Paragraph 47 of the Complaint, Defendants deny.

### BANNER FAMILY

48.    As to the allegations contained in Paragraph 48 of the Complaint, Defendants admit that any claims asserted by the Banner Family have been transferred to the Northern District of Texas pursuant to Docket Entry 57 in this matter.

### CLARKE FAMILY

49.    In response to Paragraphs 49 through 53 of the Complaint, Defendant Lackland states that the allegations contained in Paragraphs 49 through 53 of the Complaint involve allegations and claims made by the Clarke Family who, according to their allegations and, at all times relevant herein, resided at Fort Bliss in El Paso, Texas.  Because the Clarke Family did not, at any relevant time, reside on Lackland Air Force Base in San Antonio, Texas, the allegations contained in Paragraphs 49 through 53 of the Complaint are necessarily not directed at Defendant Lackland.  As such, no response to the allegations contained in Paragraphs 49 through 53 of the Complaint is required by Lackland.  To the extent a response is deemed required, Lackland answers that because it did not own, maintain, or otherwise provide service to the residence(s) that is the subject of the Clarke Family's claims, it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 49 through 53 of the Complaint, and therefore denies the same.

50.    As to the allegations contained in Paragraph 49 of the Complaint, Defendants FBFH, Bliss GP and BBMHM (collectively the "Ft. Bliss Defendants") and Defendant BBC admit only that Michael Clarke, his wife, Kendra Clarke, and their minor-child (collectively

"Clarke Family") moved into 12098 SSG Rivers Ct., El Paso, TX, 79908 ("Clarke Residence"), located on Fort Bliss, on July 6, 2015, and moved out on August 22, 2018. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 49 of the Complaint.

51.     As to the allegations contained in Paragraph 50 of the Complaint, the Ft. Bliss Defendants and BBC admit that the Clarke Family made certain maintenance requests for the Clarke Residence during their residency, which were addressed. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 50 of the Complaint.

52.     As to the allegations contained in Paragraph 51 of the Complaint, the Ft. Bliss Defendants and BBC are without sufficient information to admit or deny whether the Clarke Family suffered from any medical conditions or were seen by any medical professionals during their residency at the Clarke Residence. The Ft. Bliss Defendants and BBC deny that any of the purported medical conditions of the Clarke Family were caused by any act or omission of the Ft. Bliss Defendants or BBC. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 51 of the Complaint.

53.     As to the allegations contained in Paragraph 52 of the Complaint, the Ft. Bliss Defendants and BBC deny.

54.     As to the allegations contained in Paragraph 53 of the Complaint, the Fort Bliss Defendants and BBC deny.

### DROSOS FAMILY

55.     In response to Paragraphs 54 through 59 of the Complaint, Defendant Lackland states that the allegations contained in Paragraphs 54 through 59 of the Complaint involve allegations and claims made by the Drosos Family who, according to their allegations and, at all

times relevant herein, resided at Fort Bliss in El Paso, Texas.  Because the Drosos Family did not, at any relevant time, reside on Lackland Air Force Base in San Antonio, Texas, the allegations contained in Paragraphs 54 through 59 of the Complaint are necessarily not directed at Defendant Lackland.  As such, no response to the allegations contained in Paragraphs 54 through 59 of the Complaint is required by Lackland.  To the extent a response is deemed required, Lackland answers that because it did not own, maintain, or otherwise provide service to the residence(s) that is the subject of the Drosos Family's claims, it is without sufficient knowledge to admit or deny the allegations contain in Paragraph 54 through 59 of the Complaint, and therefore denies the same.

56.     As to the allegations contained in Paragraph 54 of the Complaint, the Ft. Bliss Defendants and BBC admit only that Alexander Drosos, his wife, Gloria Drosos, and their two minor-children (collectively "Drosos Family") moved into 9346A Somerville Avenue, El Paso, TX, 79908 ("Drosos Residence"), located on Fort Bliss, on February 16, 2017, and moved out on December 18, 2019. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 54 of the Complaint.

57.     As to the allegations contained in Paragraph 55 of the Complaint, the Ft. Bliss Defendants and BBC admit only that that the Drosos Family made certain maintenance requests for the Drosos Residence during their residency, which were addressed. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 55 of the Complaint.

58.     As to the allegations contained in Paragraph 56 of the Complaint, the Ft. Bliss Defendants and BBC admit only that that the Drosos Family made certain maintenance requests for the Drosos Residence during their residency, which were addressed. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 56 of the Complaint.

59.     As to the allegations contained in Paragraph 57 of the Complaint, the Ft. Bliss Defendants and BBC admit only that the Drosos Family made certain maintenance requests for the Drosos Residence during their residency, which were addressed.  The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 57 of the Complaint.

60.     As to the allegations contained in Paragraph 58 of the Complaint, the Ft. Bliss Defendants and BBC are without sufficient information to admit or deny whether the Drosos Family suffered from any medical conditions or were seen by any medical professionals during their residency at the Drosos Residence. The Ft. Bliss Defendants and BBC deny any of the purported medical conditions of the Drosos Family were caused by any act or omission of the Ft. Bliss Defendants or BBC. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 58 of the Complaint.

61.     As to the allegations contained in Paragraph 59 of the Complaint, the Ft. Bliss Defendants and BBC deny.

### DOZIER FAMILY

62.     As to the allegations contained in Paragraph 60 of the Complaint, Defendants admit that any claims asserted by the Dozier Family have been transferred to the Northern District of Texas pursuant to Docket Entry 57 in this matter.

### HOUSTON FAMILY

63.     In response to Paragraphs 61 through 66 of the Complaint, the Ft. Bliss Defendants state that the allegations contained in Paragraphs 61 through 66 of the Complaint involve allegations and claims made by the Houston Family who, according to their allegations and, at all times relevant herein, resided at Lackland Air Force Base in San Antonio, Texas.  Because the Houston Family did not, at any relevant time, reside on Fort Bliss Army

13

Base in El Paso, Texas, the allegations contained in Paragraphs 61 through 66 of the Complaint are necessarily not directed at the Ft. Bliss Defendants.  As such, no response to the allegations contained in Paragraphs 61 through 66 of the Complaint is required by the Ft. Bliss Defendants.  To the extent a response is deemed required, the Ft. Bliss Defendants answer that because they did not own, maintain, or otherwise provide service to the residence(s) that is the subject of the Houston Family's claims, they are without sufficient knowledge to admit or deny the allegations contained in Paragraph 61 through 66 of the Complaint, and therefore deny the same.

64.     As to the allegations contained in Paragraph 61 of the Complaint, Lackland and BBC admit only that Jessica Houston and her two minor-children (collectively "Houston Family") moved into 2137 Chapman Circle, San Antonio, TX, 78236 ("Houston Residence"), located on Lackland, on October 20, 2014, and moved out on July 28, 2020. Lackland and BBC further admit that the Houston Family made certain maintenance requests for the Houston Residence during their residency, which were addressed. Lackland and BBC deny the remaining allegations contained in Paragraph 61 of the Complaint.

65.     As to the allegations contained in Paragraph 62 of the Complaint, Lackland and BBC deny.

66.     As to the allegations contained in Paragraph 63 of the Complaint, Lackland and BBC admit only that the Houston Family made certain maintenance requests for the Houston Residence during their residency, which were addressed. Lackland and BBC deny the remaining allegations contained in Paragraph 63 of the Complaint.

67.     As to the allegations contained in Paragraph 64 of the Complaint, Lackland and

BBC deny.

68.     As to the allegations contained in Paragraph 65 of the Complaint, Lackland and BBC are without sufficient information to admit or deny whether the Houston Family suffered from any medical conditions or were seen by any medical professionals during their residency at the Houston Residence. Lackland and BBC deny that any of the purported medical conditions of the Houston Family were caused by any act or omission of Lackland or BBC. Lackland and BBC deny the remaining allegations contained in Paragraph 65 of the Complaint.

69.     As to the allegations contained in Paragraph 66 of the Complaint, Lackland and BBC deny.

## KEEVER FAMILY

70.     In response to Paragraphs 67 through 72 of the Complaint, the Ft. Bliss Defendants state that the allegations contained in Paragraphs 67 through 72 of the Complaint involve allegations and claims made by the Keever Family who, according to their allegations and, at all times relevant herein, resided at Lackland Air Force Base in San Antonio, Texas.  Because the Keever Family did not, at any relevant time, reside on Fort Bliss Army Base in El Paso, Texas, the allegations contained in Paragraphs 67 through 72 of the Complaint are necessarily not directed at the Ft. Bliss Defendants.  As such, no response to the allegations contained in Paragraphs 67 through 72 of the Complaint is required by the Ft. Bliss Defendants.  To the extent a response is deemed required, the Ft. Bliss Defendants answer that because they did not own, maintain, or otherwise provide service to the residence(s) that is the subject of the Keever Family's claims, they are without sufficient knowledge to admit or deny the allegations contained in Paragraph 67 through 72 of the Complaint, and therefore deny the same.

71.     As to the allegations contained in Paragraph 67 of the Complaint, Lackland and BBC admit only that Chad Keever, his wife, Margaret Wilder-Keever, and their minor child (collectively "Keever Family") moved into 823-1 Vosler Loop, JBSA, Lackland, TX, 78236 ("Keever Residence 1"), located on Lackland, on March 28, 2016, and moved out on September 1, 2017. Defendants further admit the Keever Family moved into 2565 Erwin Circle, JBSA, Lackland, TX 78236 ("Keever Residence 2") on September 1, 2017 and moved out on August 28, 2020. Defendants also admit the Keever Family moved to 2240 Raymond Losano, JBSA, Lackland, TX 78236 ("Keever Residence 3") on October 9, 2020 and moved out August 20, 2021.

72.     As to the allegations contained in Paragraph 68 of the Complaint, Lackland and BBC deny.

73.     As to the allegations contained in Paragraph 69 of the Complaint, Lackland and BBC admit only that the Keever Family made certain maintenance requests for the Keever Residence 1, Keever Residence 2, and Keever Residence 3 during their residency, which were addressed. Lackland and BBC deny the remaining allegations contained in Paragraph 69 of the Complaint.

74.     As to the allegations contained in Paragraph 70 of the Complaint, Lackland and BBC deny.

75.     As to the allegations contained in Paragraph 71 of the Complaint, Lackland and BBC are without sufficient information to admit or deny whether the Keever Family suffered from any medical conditions or were seen by any medical professionals during their residency at any of the Keever Residences identified in Paragraph 67 of the Complaint. Lackland and BBC

deny that any of the purported medical conditions of the Keever Family were caused by any act or omission of Lackland or BBC. Lackland and BBC deny the remaining allegations contained in Paragraph 71 of the Complaint.

76.     As to the allegations contained in Paragraph 72 of the Complaint, Lackland and BBC deny.

## Kinney Family

77.     In response to Paragraphs 73 through 76 of the Complaint, Defendant Lackland states that the allegations contained in Paragraphs 73 through 76 of the Complaint involve allegations and claims made by the Kinney Family who, according to their allegations and, at all times relevant herein, resided at Fort Bliss in El Paso, Texas.  Because the Kinney Family did not, at any relevant time, reside on Lackland Air Force Base in San Antonio, Texas, the allegations contained in Paragraphs 73 through 76 of the Complaint are necessarily not directed at Defendant Lackland.  As such, no response to the allegations contained in Paragraphs 73 through 76 of the Complaint is required by Lackland.  To the extent a response is deemed required, Lackland answers that because it did not own, maintain, or otherwise provide service to the residence(s) that is the subject of the Kinney Family's claims, it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 73 through 76 of the Complaint, and therefore denies the same.

78.     As to the allegations contained in Paragraph 73 of the Complaint, the Ft. Bliss Defendants and BBC admit that Parker Kinney, his wife, Shelbey Kinney, and their minor child (collectively "Kinney Family") moved into 3590 Salgado Circle, El Paso, TX, 79908 ("Kinney Residence"), located on Fort Bliss, on June 28, 2019, and moved out on October 25, 2021. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 73 of the

Complaint.

79.     As to the allegations contained in Paragraph 74 of the Complaint, the Ft. Bliss Defendants and BBC admit only that the Kinney Family made certain maintenance requests for the Kinney Residence during their residency, which were addressed. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 74 of the Complaint.

80.     As to the allegations contained in Paragraph 75 of the Complaint, the Ft. Bliss Defendants and BBC are without sufficient information to admit or deny whether the Kinney Family suffered from any medical conditions or were seen by any medical professionals during their residency at the Kinney Residence. The Ft. Bliss Defendants and BBC deny that any of the purported medical conditions of the Kinney Family were caused by any act or omission of the Ft. Bliss Defendants or BBC. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 75 of the Complaint.

81.     As to the allegations contained in Paragraph 76 of the Complaint, the Ft. Bliss Defendants and BBC deny.

### NORTHUP FAMILY

82.     In response to Paragraphs 77 through 81 of the Complaint, the Ft. Bliss Defendants state that the allegations contained in Paragraphs 77 through 81 of the Complaint involve allegations and claims made by the Northup Family who, according to their allegations and, at all times relevant herein, resided at Lackland Air Force Base in San Antonio, Texas. Because the Northup Family did not, at any relevant time, reside on Fort Bliss Army Base in El Paso, Texas, the allegations contained in Paragraphs 77 through 81 of the Complaint are necessarily not directed at the Ft. Bliss Defendants. As such, no response to the allegations contained in Paragraphs 77 through 81 of the Complaint is required by the Ft. Bliss

Defendants. To the extent a response is deemed required, the Ft. Bliss Defendants answer that because they did not own, maintain, or otherwise provide service to the residence(s) that is the subject of the Northup Family's claims, they are without sufficient knowledge to admit or deny the allegations contained in Paragraph 77 through 81 of the Complaint, and therefore deny the same.

83.     As to the allegations contained in Paragraph 77 of the Complaint, Lackland and BBC admit Gilbert Northup, his wife, Zakiyah Northup, and their two children (collectively "Northup Family") moved into 2138 Blake Road, San Antonio, TX, 78236 ("Northup Residence"), located on Lackland, on November 18, 2019, and moved out on August 18, 2020. Lackland and BBC deny the remaining allegations contained in Paragraph 77 of the Complaint.

84.     As to the allegations contained in Paragraph 78 of the Complaint, Lackland and BBC admit only that the Northup Family made certain maintenance requests for the Northup Residence during their residency, which were addressed. Lackland and BBC deny the remaining allegations contained in Paragraph 78 of the Complaint.

85.     As to the allegations contained in Paragraph 79 of the Complaint, Lackland and BBC admit only that the Northup Family made certain maintenance requests for the Northup Residence during their residency, which were addressed. Lackland and BBC deny the remaining allegations contained in Paragraph 79 of the Complaint.

86.     As to the allegations contained in Paragraph 80 of the Complaint, Lackland and BBC are without sufficient information to admit or deny whether the Northup Family suffered from any medical conditions or were seen by any medical professionals during their residency at the Northup Residence. Lackland and BBC deny that any of the purported medical conditions of

the Northup Family were caused by any act or omission on the part of Lackland or BBC. Lackland and BBC deny the remaining allegations contained in Paragraph 80 of the Complaint.

87.     As to the allegations contained in Paragraph 81 of the Complaint, Lackland and BBC deny.

<u>ROELLCHEN FAMILY</u>

88.     In response to Paragraphs 82 through 88 of the Complaint, the Ft. Bliss Defendants state that the allegations contained in Paragraphs 82 through 88 of the Complaint involve allegations and claims made by the Roellchen Family who, according to their allegations and, at all times relevant herein, resided at Lackland Air Force Base in San Antonio, Texas.  Because the Roellchen Family did not, at any relevant time, reside on Fort Bliss Army Base in El Paso, Texas, the allegations contained in Paragraphs 82 through 88 of the Complaint are necessarily not directed at the Ft. Bliss Defendants.  As such, no response to the allegations contained in Paragraphs 82 through 88 of the Complaint is required by the Ft. Bliss Defendants.  To the extent a response is deemed required, the Ft. Bliss Defendants answer that because they did not own, maintain, or otherwise provide service to the residence(s) that is the subject of the Roellchen Family's claims, they are without sufficient knowledge to admit or deny the allegations contained in Paragraph 82 through 88 of the Complaint, and therefore deny the same.

89.     As to the allegations contained in Paragraph 82 of the Complaint, Lackland and BBC admit Staff Sergeant Jonn Roellchen, his wife, Roxanne Roellchen, and their five minor children (collectively "Roellchen Family") moved into 8805 Clay Loop, San Antonio, TX, 78227 ("Roellchen Residence"), located on Lackland, on June 17, 2019, and moved out on June

25, 2019.

90.     As to the allegations contained in Paragraph 83 of the Complaint, Lackland and BBC deny.

91.     As to the allegations contained in Paragraph 84 of the Complaint, Lackland and BBC admit only that the Roellchen Family made certain maintenance requests for the Roellchen Residence during their residency, which were addressed. Lackland and BBC further admit the Roellchen Family moved into 2530 Warner Court, San Antonio, TX 78236, located on Lackland, on July 19, 2019, and moved out June 19, 2020 ("Roellchen Residence 2"). Defendants further admit the Roellchen Family moved into 2102 Mathies Court, San Antonio, TX 78236, located on Lackland, on June 19, 2020, and presently live at this residence ("Roellchen Residence 3"). Lackland and BBC deny the remaining allegations contained in Paragraph 84 of the Complaint.

92.     As to the allegations contained in Paragraph 85 of the Complaint, Lackland and BBC admit only that the Roellchen Family made certain maintenance requests for the Roellchen Residence, Roellchen Residence 2, and Roellchen Residence, referenced in Paragraph 84 of the Complaint, during their residency, which were addressed. Lackland and BBC deny all remaining allegations contained in Paragraph 85 of the Complaint.

93.     As to the allegations contained in Paragraph 86 of the Complaint, Lackland and BBC admit only that the Roellchen Family appeared in a Reuters Special Report and CBS News video in November 2019; however, Lackland and BBC deny the Reuters Special Report or the CBS News video presented a full and accurate portrayal of the Roellchen Family's residency at Roellchen Residence or Roellchen Residence 1. Further, Lackland and BBC are without sufficient information to admit or deny whether the Roellchen Family suffered from any medical conditions or were seen by any medical professionals during their residency at any of the

Roellchen Residences referenced in Paragraph 84 of the Complaint. Lackland and BBC deny any of the purported medical conditions of the Roellchen Family were caused by any act or omission of Lackland or BBC. Lackland and BBC deny the remaining allegations contained in Paragraph 86 of the Complaint.

94.     As to the allegations contained in Paragraph 87 of the Complaint, such allegations are not directed at the Defendants and therefore no response is required.  To the extent a response is deemed required, Lackland and BBC deny that any of the Roellchen Residences referenced in Paragraph 84 of the Complaint was unsafe.  Lackland and BBC are without information or knowledge regarding the remaining allegations contained in Paragraph 87 of the Complaint, and therefore deny the same.

95.     As to the allegations contained in Paragraph 88 of the Complaint, Lackland and BBC deny.

### STRAIGHT FAMILY

96.     In response to Paragraphs 89 through 94 of the Complaint, Defendant Lackland states that the allegations contained in Paragraphs 89 through 94 of the Complaint involve allegations and claims made by the Straight Family who, according to their allegations and, at all times relevant herein, resided at Fort Bliss in El Paso, Texas.  Because the Straight Family did not, at any relevant time, reside on Lackland Air Force Base in San Antonio, Texas, the allegations contained in Paragraphs 89 through 94 of the Complaint are necessarily not directed at Defendant Lackland.  As such, no response to the allegations contained in Paragraphs 89 through 94 of the Complaint is required by Lackland.  To the extent a response is deemed required, Lackland answers that because it did not own, maintain or otherwise provide service to the residence(s) that is the subject of the Straight Family's claims, it is without sufficient

knowledge to admit or deny the allegations contained in Paragraph 89 through 94 of the Complaint, and therefore denies the same.

97.     As to the allegations contained in Paragraph 89 of the Complaint, the Ft. Bliss Defendants and BBC admit only that Staff Sergeant Cody Straight, his wife, Angela Straight, and their two adult children, Kentreyal Carraway and J'Marion McNight (collectively "Straight Family") moved into 13285 Wendover Street, Unit A, El Paso, TX, 79908 ("Straight Residence"), located on Fort Bliss, on September 30, 2015, and moved out on July 23, 2020. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 89 of the Complaint.

98.     As to the allegations contained in Paragraph 90 of the Complaint, the Ft. Bliss Defendants and BBC admit only that the Straight Family made certain maintenance requests for the Straight Residence during their residency, which were addressed. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 90 of the Complaint.

99.     As to the allegations contained in Paragraph 91 of the Complaint, the Ft. Bliss Defendants and BBC admit that the Straight Family made certain maintenance requests for the Straight Residence during their residency, which were addressed. The Ft. Bliss Defendants and BBC further admit that, at the Straight Family's request, the Straight Family occupied three (3) separate hotel rooms from November 23, 2019, to January 8, 2020, which were fully paid for, including reimbursement of the BAH, while necessary repairs to the Straight Residence were made following certain maintenance requests by the Straight Family. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 91 of the Complaint.

100.     As to the allegations contained in Paragraph 92 of the Complaint, the Ft. Bliss Defendants and BBC are without sufficient information to admit or deny whether the Straight

Family suffered from any medical conditions or were seen by any medical professionals during their residency at the Straight Residence. The Ft. Bliss Defendants and BBC deny any of the purported medical conditions of the Straight Family were caused by any act or omission of the Ft. Bliss Defendants or BBC. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 92 of the Complaint.

101.    As to the allegations contained in Paragraph 93 of the Complaint, the Ft. Bliss Defendants and BBC are without sufficient information to admit or deny if Cody Straight had attendance issues or performance issues at work, the cause of such issues, or the extent to which such issues impacted his advancement. The Ft. Bliss Defendants and BBC deny that any of Cody Straight's attendance or performance issues at work were caused by any act or omission of the Ft. Bliss Defendants or BBC. The Ft. Bliss Defendants and BBC deny the remaining allegations contained in Paragraph 93 of the Complaint.

102.    As to the allegations contained in Paragraph 94 of the Complaint, the Ft. Bliss Defendants and BBC deny.

## THE COMMON THEME

103.    As to the allegations contained in Paragraph 95 of the Complaint, the Defendants have no basis on which to admit or deny the mental state or beliefs of the Plaintiffs and therefore leave them to their proofs.  As to the remaining allegations contained in Paragraph 95 of the Complaint, Defendants deny.

### The Underlying Contracts, Military Services' Standards, and Servicemember Leases

104.    As to the allegations contained in Paragraph 96 of the Complaint, Defendants admit that the design of the MHPI is set forth in the statute and related materials, which speak for themselves. There are no allegations against the Defendants contained within Paragraph 96. To

the extent that allegations against Defendants are deemed to exist, Defendants deny such allegations. Defendants further state that the full purpose of MHPI can be found in the statutory record. Defendants incorporate their prior responses regarding MHPI as if fully set forth herein.

105.    As to the allegations contained in Paragraph 97 of the Complaint, Defendants admit that the design of the MHPI is set forth in the statute and related materials, which speak for themselves. There are no allegations against the Defendants contained within Paragraph 97. To the extent that allegations against Defendants are deemed to exist, Defendants deny such allegations. Defendants further state that the full purpose of MHPI can be found in the statutory record. Defendants incorporate their prior responses regarding MHPI herein.

106.    As to the allegations contained in Paragraph 98 of the Complaint, Defendants admit that FBFH entered into a Ground Lease with the United States of America by and through the Secretary of the Army, relating to the military housing project at Fort Bliss. Defendants further admit that LFH entered into a Ground Lease with the United States of America by and through the Secretary of the Air Force, relating to the military housing project at Lackland. Those Ground Leases speak for themselves. Defendants are without sufficient knowledge or information to admit or deny what "Underlying Contracts" are being referenced and, as such, deny the same. The Defendants deny any remaining allegations contained in Paragraph 98 of the Complaint.

107.    As to the allegations contained in Paragraph 99 of the Complaint, there are no allegations against the Defendants contained within Paragraph 99. To the extent allegations against Defendants are deemed to exist, Defendants deny such allegation. Defendants further state that the purpose of the MHPI can be found in the statue and congressional records, which speaks for themselves. Defendants specifically deny that Plaintiffs were intended beneficiaries or

third-party beneficiaries of any contract between FBFH and the United States as relates to the military housing project at Fort Bliss. Defendants further specifically deny that Plaintiffs were intended beneficiaries or third-party beneficiaries of any contract between LFH and the United States as relates to the military housing project at Lackland. Those Ground Leases speak for themselves. Defendants are without sufficient knowledge or information to admit or deny what "Underlying Contracts" are being referenced and, as such, deny the same. The Defendants deny any remaining allegations contained in Paragraph 99 of the Complaint.

108.    As to the allegations contained in Paragraph 100 of the Complaint, the Defendants admit only those duties imposed upon them by law and deny that the allegations contained in Paragraph 100 of the Complaint accurately set forth such duties.

109.    As to the allegations contained in Paragraph 101 of the Complaint, Defendants admit only that there was congressional testimony on privatized military housing. Defendants deny all remaining allegations contained in Paragraph 101 of the Complaint.

110.    As to the allegations contained in Paragraph 102 of the Complaint, Defendants deny.

111.    As to the allegations contained in Paragraph 103 of the Complaint, there are no allegations against the Defendants contained therein and as such, no response is required.   To the extent that Paragraph 103 of the Complaint is deemed to contain allegations against the Defendants, Defendants deny such allegations.

112.    As to the allegations contained in Paragraph 104 of the Complaint, Defendants are without sufficient knowledge or information as to what specifically is being alleged in this Paragraph 104 and, therefore, deny. Further, there are no allegations against the Defendants contained within Paragraph 104 and therefore no response is required. To the extent that

Paragraph 104 of the Complaint is deemed to contain allegations against Defendants, Defendants deny such allegations.

113.    As to the allegations contained in Paragraph 105 of the Complaint, Defendants state that Army Pamphlet 420-1-1 speaks for itself, but denies that this document applies to Defendants.  Further, Defendants are without sufficient knowledge or information as to the specific documents referenced in Paragraph 105 of the Complaint, whether the Army Pamphlet 420-1-1 is quoted accurately, or if Army Pamphlet 420-1-1 applies to Fort Bliss, Lackland Air Force Base, or this case.  As such, Defendants deny the allegations contained in Paragraph 105 of the Complaint, if any.

114.    As to the allegations contained in Paragraph 106 of the Complaint, Defendants state that Air Force Guidance Memorandum AF132-6001 speaks for itself, but denies that this document applies to Defendants.  Further, Defendants are without sufficient knowledge or information as to the specific documents referenced in Paragraph 106 of the Complaint, whether the Air Force Guidance Memorandum AF132-6001 is quoted accurately, or if Air Force Guidance Memorandum AF132-6001 applies to Fort Bliss, Lackland Air Force Base, or this case.  As such, Defendants deny the allegations contained in Paragraph 106 of the Complaint, if any.

115.    As to the allegations contained in Paragraph 107 of the Complaint, Defendants deny.

116.    As to the allegations contained in Paragraph 108 of the Complaint, Defendants deny.

117.    As to the allegations contained in Paragraph 109 of the Complaint, Defendants admit that each Plaintiff Servicemember residing at Fort Bliss entered into a lease agreement

FBFH. Defendants admit that each Plaintiff Servicemember residing at Lackland entered into a lease agreement with LFH. These lease agreements speak for themselves. Defendants deny all remaining allegations in Paragraph 109 of the Complaint.

118.    As to the allegations contained in Paragraph 110 of the Complaint, there are no allegations against Defendants and, instead, general opinion statements not specific to any Plaintiff or Defendant in this matter. To the extent any allegation can be interpreted as an allegation against Defendants, Defendants deny.

119.    As to the allegations contained in Paragraph 111 of the Complaint, Defendants admit only that certain Senators made public statements during congressional hearings. By way of further response, Paragraph 111 makes no allegations against any of the Defendants. To the extent any allegation can be interpreted as an allegation against Defendants, Defendants deny.

120.    As to the allegations contained in Paragraph 112 of the Complaint, Defendants admit only that each Plaintiff Servicemember residing at Fort Bliss entered into a lease agreement FBFH and that each Plaintiff Servicemember residing at Lackland entered into a lease agreement with LFH. These lease agreements and any incorporated documents, if any, speak for themselves. Defendants deny all remaining allegations contained in Paragraph 112 of the Complaint.

121.    As to the allegations contained in Paragraph 113 of the Complaint, Defendants admit only that Defendants have received complaints and maintenance repair requests, including from these Plaintiffs. Defendants deny all remaining allegations contained in Paragraph 113 of the Complaint.

122.    As to the allegations contained in Paragraph 114 of the Complaint, Defendants state that the statements listed on LFH's website and BBC's website speak for themselves.

Defendants deny all remaining allegations contained in Paragraph 114 of the Complaint.

123.    As to the allegations contained in Paragraph 115 of the Complaint, Defendants deny.

## CAUSES OF ACTION

124.    Defendants repeat and reallege the statements and responses to Paragraphs 1-116 of the Complaint, as if fully set forth herein.

### COUNT 1 – BREACH OF CONTRACT

125.    As to the allegations contained in Paragraph 117 of the Complaint, there are no allegations to which a response is required as Paragraph 117 sets forth conclusions of law. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 117 of the Complaint.

126.    As to the allegations contained in Paragraph 118 of the Complaint, there are no allegations to which a response is required as Paragraph 118 sets forth conclusions of law. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 117 of the Complaint.

127.    As to the allegations contained in Paragraph 119 of the Complaint, Defendants deny.

128.    As to the allegations contained in Paragraph 120 of the Complaint, Defendants deny and deny that Plaintiffs are entitled to any recovery from Defendants.

### COUNT 2 – DECEPTIVE TRADE PRACTICES

129.    As to the allegations contained in Paragraph 121 of the Complaint, there are no allegations to which a response is required as Paragraph 121 sets forth conclusions of law. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph

121 of the Complaint.

130.    As to the allegations contained in Paragraph 122 of the Complaint, there are no allegations to which a response is required as Paragraph 122 sets forth conclusions of law. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 122, including subparagraphs a-i, of the Complaint. Defendants further deny that the DTPA applies to the allegations and claims presented in this Complaint.

131.    As to the allegations contained in Paragraph 123 of the Complaint, Defendants deny, and deny that the DTPA applies to the allegations and claims presented in this Complaint.

132.    As to the allegations contained in Paragraph 124 of the Complaint, Defendants deny, and deny that the DTPA applies to the allegations and claims presented in this Complaint.

133.    As to the allegations contained in Paragraph 125 of the Complaint, Defendants deny, and deny that the DTPA applies to the allegations and claims presented in this Complaint.

134.    As to the allegations contained in Paragraph 126 of the Complaint, Defendants deny, and deny that the DTPA applies to the allegations and claims presented in this Complaint.

135.    As to the allegations contained in Paragraph 127 of the Complaint, Defendants deny, and deny that the DTPA applies to the allegations and claims presented in this Complaint.

136.    As to the allegations contained in Paragraph 128 of the Complaint, Defendants deny, and deny that the DTPA applies to the allegations and claims presented in this Complaint.

137.    As to the allegations contained in Paragraph 129 of the Complaint, Defendants deny, and deny that the DTPA applies to the allegations and claims presented in this Complaint.

138.    As to the allegations contained in Paragraph 130 of the Complaint, Defendants deny, and deny that the DTPA applies to the allegations and claims presented in this Complaint, and deny Plaintiffs are entitled to any recovery from Defendants.

### COUNT 3 – BREACH OF IMPLIED WARRANTY OF HABITABILITY, BREACH OF IMPLIED WARRANTY OF GOOD AND WORKMANLIKE REPAIRS, AND VIOLATIONS OF SECTION 92.051 *ET SEQ.* OF THE TEXAS PROPERTY CODE

139.    As to the allegations contained in Paragraph 131 of the Complaint, there are no allegations to which a response is required as Paragraph 131 sets forth conclusions of law. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 131 of the Complaint. Defendants further deny the applicability of the Texas statute cited in Paragraph 131 as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law.

140.    As to the allegations contained in Paragraph 132 of the Complaint, Defendants deny.

141.    As to the allegations contained in Paragraph 133 of the Complaint, Defendants deny and deny the applicability of the Texas statute cited in Paragraph 133 as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law. Defendants further denies that Plaintiffs are entitled to any recovery from these Defendants.

### COUNT 4 – NEGLIGENCE, NEGLIGENT MISREPRESENTATION, AND GROSS NEGLIGENCE

142.    As to the allegations contained in Paragraph 134 of the Complaint, Defendants deny.

143.    As to the allegations contained in Paragraph 135 of the Complaint, Defendants deny.

144.    As to the allegations contained in Paragraph 136 of the Complaint, Defendants deny.

145.    As to the allegations contained in Paragraph 137 of the Complaint, Defendants deny.

146.    As to the allegations contained in Paragraph 138 of the Complaint, Defendants deny and deny that Plaintiffs are entitled to any recovery from these Defendants.

COUNT 5 – STATUTORY FRAUD IN A REAL ESTATE TRANSACTION

147.    As to the allegations contained in Paragraph 139 of the Complaint, there are no allegations to which a response is required as Paragraph 139 sets forth conclusions of law. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 139 of the Complaint. Defendants further deny the applicability of the Texas statute cited in Paragraph 139 as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law.

148.    As to the allegations contained in Paragraph 140 of the Complaint, Defendants admit that each Plaintiff Servicemember residing at Fort Bliss entered into a lease agreement FBFH and that each Plaintiff Servicemember residing at Lackland entered into a lease agreement with LFH. These lease agreements speak for themselves. Defendants deny all remaining allegations in Paragraph 140 of the Complaint and deny the applicability of the Texas statute cited in this Count 5 of the Complaint as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law.

149.    As to the allegations contained in Paragraph 141 of the Complaint, there are no allegations to which a response is required as Paragraph 141 sets forth conclusions of law. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 141 of the Complaint. Defendants further deny the applicability of the Texas statute cited in Count 5 of the Complaint as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law.

150.    As to the allegations contained in Paragraph 142 of the Complaint, there are no

allegations to which a response is required as Paragraph 142 sets forth conclusions of law. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 142 of the Complaint. Defendants further deny the applicability of the Texas statute cited in Count 5 of the Complaint as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law. Defendants further denies that Plaintiffs are entitled to any recovery from these Defendants.

## COUNT 6 – COMMON LAW FRAUD

151.    As to the allegations contained in Paragraph 143 of the Complaint, Defendants deny.

152.    As to the allegations contained in Paragraph 144 of the Complaint, Defendants deny.

153.    As to the allegations contained in Paragraph 145 of the Complaint, Defendants deny and deny that Plaintiffs are entitled to any recovery from these Defendants.

## COUNT 7 – UNJUST ENRICHMENT/RESTITUTION/MONEY HAD AND RECEIVED

154.    As to the allegations contained in Paragraph 146 of the Complaint, Defendants deny and deny that Plaintiffs are entitled to any recovery from these Defendants.

## COUNT 8 – VIOLATIONS OF THE RESIDENTIAL LEAD-BASED PAINT HAZARD REDUCTION ACT

155.    As to the allegations contained in Paragraph 147 of the Complaint, Defendants deny.

156.    As to the allegations contained in Paragraph 148 of the Complaint, Defendants deny.

157.    As to the allegations contained in Paragraph 149 of the Complaint, Defendants deny and deny that Plaintiffs are entitled to any recovery from these Defendants.

## COUNT 9 – THIRD-PARTY BENEFICIARY OF CONTRACT

158.    As to the allegations contained in Paragraph 150 of the Complaint, Defendants admit that FBFH entered into a Ground Lease with the United States of America by and through the Secretary of the Army, relating to the military housing project at Fort Bliss. Defendants further admit that LFH entered into a Ground Lease with the United States of America by and through the Secretary of the Air Force, relating to the military housing project at Lackland. Those Ground Leases speak for themselves. Defendants are without sufficient knowledge or information to admit or deny what "Underlying Contracts" are being referenced and, as such, deny the same. Defendants deny all remaining allegations contained in Paragraph 98 of the Complaint.

159.    As to the allegations contained in Paragraph 151 of the Complaint, Defendants deny.

160.    As to the allegations contained in Paragraph 152 of the Complaint, Defendants deny.

161.    As to the allegations contained in Paragraph 153 of the Complaint, Defendants deny.

162.    As to the allegations contained in Paragraph 154 of the Complaint, Defendants deny.

163.    As to the allegations contained in Paragraph 155 of the Complaint, Defendants deny.

164.    As to the allegations contained in Paragraph 156 of the Complaint, Defendants deny and deny that Plaintiffs are entitled to any recovery from these Defendants.

## COUNT 10 – INTENTIONAL NUISANCE

165.    As to the allegations contained in Paragraph 157 of the Complaint, Defendants deny.

166.    As to the allegations contained in Paragraph 158 of the Complaint, Defendants deny.

167.    As to the allegations contained in Paragraph 159 of the Complaint, Defendants deny.

168.    As to the allegations contained in Paragraph 160 of the Complaint, Defendants deny and deny that Plaintiffs are entitled to any recovery from these Defendants.

## COUNT 11 – NEGLIGENT NUISANCE

169.    As to the allegations contained in Paragraph 161 of the Complaint, Defendants deny.

170.    As to the allegations contained in Paragraph 162 of the Complaint, Defendants deny.

171.    As to the allegations contained in Paragraph 163 of the Complaint, Defendants deny and deny that Plaintiffs are entitled to any recovery from these Defendants.

## COUNT 12 – STRICT LIABILITY NUISANCE

172.    As to the allegations contained in Paragraph 164 of the Complaint, Defendants deny and deny the applicability of the Texas statute cited in Paragraph 164 as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law.

173.    As to the allegations contained in Paragraph 165 of the Complaint, Defendants deny and deny the applicability of the Texas statute cited in Paragraph 165 as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law.

174.    As to the allegations contained in Paragraph 166 of the Complaint, Defendants

deny and deny the applicability of the Texas statute cited in Paragraph 166 as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law.

177. As to the allegations contained in Paragraph 167 of the Complaint, Defendants deny and deny the applicability of the Texas statute cited in Paragraph 167 as the alleged actions or omissions occurred on a federal enclave and, as such, are governed by federal law.

176. As to the allegations contained in Paragraph 168 of the Complaint, Defendants deny and deny Plaintiffs are entitled to any recovery from these Defendants.

## ACCRUAL OF CLAIMS/DISCOVERY OF INJURIES

177. As to the allegations contained in Paragraph 169 of the Complaint, Defendants deny.

178. As to the allegations contained in Paragraph 170 of the Complaint, Defendants deny.

179. As to the allegations contained in Paragraph 171 of the Complaint, Defendants deny.

## CONDITIONS PRECEDENT

180. As to the allegations contained in Paragraph 172 of the Complaint, Defendants deny. Defendants specifically deny that "all conditions precedent to the Servicemembers' recovery have occurred or have been waived, excused, or otherwise satisfied." Should Texas state law apply to the property damage claims in this case, which Defendants deny, Defendants deny that "[a]ll required notices have been provided or were waived, excused, or otherwise satisfied." More specifically, certain Plaintiffs' compliance with the DTPA pre-suit notice was inadequate in terms of the timing and/or substance. Some or all Plaintiffs may have not complied with the Mold Addendum incorporated in the lease agreements, which requires, among others,

appropriate climate control, cleaning, removal of visible moisture accumulation, and prompt reporting of certain conditions in the residence. Additionally, some or all Plaintiffs actively and with purpose prevented maintenance personnel from addressing work orders and/or complaints so that the situation would worsen and form the basis of their lawsuit. Some or all Plaintiffs failed to comply with the access for repairs provisions of the lease agreements to ensure the Premises are maintained, not in need of repair, inspected, and/or to make necessary repairs. To the extent that Texas state law applies to Plaintiffs' purported claims for exposure to asbestos, which Defendants deny, any Plaintiff alleging injury based upon asbestos exposure has failed to comply with the requirements of Tex. Civ. Prac. & Remedies, Chapter 90, and, therefore, any claim related to asbestos exposure fails and should be dismissed. Should Texas state law apply to any property damage claim within the applicable federal enclave, which Defendants deny, Plaintiffs failed to provide proper notice under Texas Property Code § 92.056 and, therefore, no claim may arise under that statute, should it apply at all in this case.

## ATTORNEY'S FEES & COSTS

181.    As to the allegations contained in Paragraph 173 of the Complaint, Defendants deny and deny Plaintiffs are entitled to any recovery from these Defendants.

## EXEMPLARY DAMAGES

182.    As to the allegations contained in Paragraph 174 of the Complaint, Defendants deny and deny Plaintiffs are entitled to any recovery from these Defendants.

## JOINT LIABILITY

183.    As to the allegations contained in Paragraph 175 of the Complaint, Defendants deny and deny Plaintiffs are entitled to any recovery from these Defendants.

184.    As to the allegations contained in Paragraph 176 of the Complaint, Defendants

deny.

185.   As to the allegations contained in Paragraph 177 of the Complaint, Defendants deny.

186.   As to the allegations contained in Paragraph 178 of the Complaint, Defendants deny.

187.   As to the allegations contained in Paragraph 179 of the Complaint, Defendants deny.

188.   As to the allegations contained in Paragraph 180 of the Complaint, Defendants deny.

## JURY DEMAND

189.   Plaintiffs have demanded a jury. Defendants likewise request a jury. Should Plaintiffs' Unjust Enrichment/Restitution/Money Had and Received "claim" (Count 7) survive, which it should not, then that equitable remedy is the sole province of the Court. There is no Seventh Amendment right to a jury on unjust enrichment claims as "disgorgement" as a remedy was not available at law in 1791 when the Seventh Amendment was ratified and/or was not a right at law, but at equity, and no jury should pass on that "claim".

## PRAYER

Defendants deny the Paragraph beginning "WHEREFORE," including sub-paragraphs a-k. Defendants deny Plaintiffs are entitled to any type of damages whatsoever from Defendants. Defendants pray to be dismissed from this action with costs and any other relief Defendants are so entitled. As Plaintiffs have pled a number of different Texas statutes which they purport apply to this case, which Defendants deny, should these actions be viable in this case, Defendants plead the limitations of Tex. Civ. Prac. & Remedies Code § 41.0105 such that "[i]n addition to any

other limitations under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." As a general matter, all averments contained in Plaintiffs' Complaint are denied unless expressly admitted.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to the allegations set forth in the Complaint, Defendants assert the following:

### First Affirmative Defense

Plaintiffs' claims against Defendants are barred because the claims in the Complaint fail to state any cause of action upon which relief can be granted as a matter of fact and/or law.

### Second Affirmative Defense

This action is barred by the applicable statutes of limitations or of repose and/or the doctrine of laches.

### Third Affirmative Defense

The negligence of Plaintiffs proximately caused or contributed to the alleged damages injuries or loss, if any was sustained. Any recovery is therefore barred or should be diminished accordingly.

### Fourth Affirmative Defense

Plaintiffs assumed the risk of the alleged damages, injuries, or loss, if any.

### Fifth Affirmative Defense

Plaintiffs failed to mitigate damages, if any.

### Sixth Affirmative Defense

Plaintiffs failed to plead Fraud with particularity as required under Fed. R. Civ. P. 9(b) and, therefore, should be dismissed against this Defendant.

### Seventh Affirmative Defense

At all relevant times, Defendants complied with all applicable governmental building codes, standards, regulations, and specifications.

### Eighth Affirmative Defense

Plaintiffs' claims against Defendants are speculative and there can be no recovery from Defendants.

### Ninth Affirmative Defense

The injuries, if any, for which Plaintiffs seek recovery resulted from Plaintiffs' pre-existing illnesses or conditions.

### Tenth Affirmative Defense

Defendants are entitled to any sovereign or governmental immunity available to the United States of America, including but not limited to the immunity set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940). Defendants moreover performed duties under contract stemming from a contract with the United States government at the direction of and authorization of governmental authorities, such that Defendants are immune from suit based on its performance of such contract under any and all legal theories applicable to such facts, including but not limited to governmental contractor immunity as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

### Eleventh Affirmative Defense

The claims asserted by Plaintiffs arising under state law are prohibited, in whole or in part, by the federal enclave doctrine.

### Twelfth Affirmative Defense

Liability for Plaintiffs' damages, if any, is due to the negligence and/or conduct of others.

### Thirteenth Affirmative Defense

Plaintiffs are not entitled to an award of punitive damages because they failed to allege sufficient facts within the Complaint to demonstrate any conscious disregard for the safety of Plaintiffs, or any willful, wanton, or malicious act or omissions, or any other act of conduct on the part of these Defendants which could form the basis for an award of punitive damages.

### Fourteenth Affirmative Defense

No Plaintiff is entitled to recover punitive or exemplary damages in any form or fashion in this case in that it would violate Defendants' rights under the Constitution of the United States and, where applicable, the Constitution of the State of Texas. Any award of exemplary or punitive damages, in the absence of appropriate standards, procedures to ensure their application, and adequate review, would be unreasonable, arbitrary, capricious, and confiscatory, would have no relation to any ascertainable facts, and therefore would afford these Defendants no adequate means of defense in appellate review.

### Fifteenth Affirmative Defense

Plaintiffs waived any and all alleged breaches of contract by these Defendants by continuing to request and receive performance under the contracts alleged in the Complaint as well as continuing to live within the subject units.

### Sixteenth Affirmative Defense

Plaintiffs directed, ordered, and/or approved Defendants' conduct, thereby barring Plaintiffs from seeking the relief prayed for in the Complaint.

### Seventeenth Affirmative Defense

To the extent that Plaintiffs have or will receive collateral source benefits in full or partial payments of the damages sought by the Complaint, Defendants are entitled to a set off of any

recovery against one or all of them to the extent of all benefits paid, or payable to, or on behalf of Plaintiffs from any collateral source.

### Eighteenth Affirmative Defense

Plaintiffs' claims are precluded to the extent they ratified lease agreements upon renewing such leases at the end of their initial one-year lease term.

### Nineteenth Affirmative Defense

Plaintiffs' claims for punitive damages and prejudgment interest are precluded pursuant to  28 U.S.C. § 2674.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred to the extent they prevented and frustrated efforts to remediate, clean, or otherwise address claimed conditions underlying this action.

### Twenty-First Affirmative Defense

Plaintiffs lack standing pursuant to the Military Housing Privatization Initiative.

### Twenty-Second Affirmative Defense

Plaintiffs have failed to fulfill all conditions precedent and applicable notice requirements, and therefore any claims, including without limitation any Deceptive Trade Practices Act claims, that require such conditions precedent and/or notice are barred.

### Twenty-Third Affirmative Defense

The acts or admissions of others over whom Defendants had no control, whose acts or omissions Defendants had no reason to anticipate, and for whom Defendants are not liable, proximately caused or contributed to the damages, injuries, or loss, if any were sustained. These acts or omissions of others constituted intervening cause(s) and supersede any alleged wrongful act or omission on the part of Defendants.

**Twenty-Fourth Affirmative Defense**

Defendants reserve the right to amend their Answer and to add additional affirmative defenses or counterclaims which may become known during litigation.

**WHEREFORE**, Defendants Balfour Beatty Communities LLC; Lackland Family Housing, LLC d/b/a Lackland Family Homes; Fort Bliss/White Sands Missile Range Housing LP d/b/a Fort Bliss Family Homes;  BBC Military Housing - Bliss/WSMR General Partner LLC; and Balfour Beatty Military Housing Management, LLC, respectfully request that Plaintiffs' Amended Complaint be dismissed in its entirety, with prejudice, together with such other further relief as this Court deems just and proper.

Date:   December 17, 2021

By: *s/ Richard G. Morgan*
Alejandro Caraveo, Jr.
TX State Bar No. 24101086
LEWIS BRISBOIS BISGAARD & SMITH LLP
2100 Ross Avenue, Suite 200
Dallas, TX 75201
Telephone: 214.722.7133
Facsimile: 214.722.7111

Richard G. Morgan (*pro hac vice*)
Carli D. Pearson (*pro hac vice*)
Tina A. Syring (*pro hac vice* forthwith coming)
Matthew A. Beyer (*pro hac vice*)
Alex A. Herman (*pro hac vice*)
Kyle D. Nelson (*pro hac vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, Minnesota 55402
Telephone: 612.428.5000
Facsimile: 612.428.5001

*Attorneys for Defendants*